# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

MERCHANT, REGINALD,

                           Plaintiff,

       vs.

EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, and THE AMERICAN EXPRESS COMPANY

                     Defendants.

Civil Action No.: 23-cv-00314-WMW-ECW

**JOINT RULE 26(f) REPORT**

The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) and the Local Rules, on **April 12, 2023**, and prepared the following report.

The initial pretrial conference in this matter is scheduled for **April 20, 2023**, before United States Magistrate Judge Elizabeth Cowan Wright, by conference bridge.

## DESCRIPTION OF CASE

1. Concise factual summary of Plaintiff's claims;

       Plaintiff's lawsuit is concerning Defendants' violations of the Fair Credit Reporting Act (15 U.S.C.§§ 1681e(b), 1681i, and 1681s-2(b)) as the Defendants reported Plaintiff was deceased. Plaintiff has stipulated to arbitration with Defendant American Express concerning his claims under 15 U.S.C. § 1681s-2(b).

       In early 2022, Plaintiff learned Experian was reporting Plaintiff as deceased. As he is clearly alive, Plaintiff disputed the deceased reporting. Plaintiff never received a response to his dispute. In or around May 2022, and in preparation for his anticipated mortgage application, Plaintiff viewed his Trans Union credit file. Plaintiff soon learned that Trans

1

Union was reporting him as deceased. Plaintiff disputed with Trans Union, and Trans Union removed the deceased notations.

In or around May 2022, Plaintiff proceeded with his mortgage application. Plaintiff was informed that he could not be approved for a mortgage because he was being reported as deceased. On at least one occasion in or around summer 2022, Plaintiff disputed the inaccurate deceased notation with Experian again. Despite Plaintiff's efforts, not until September 2022, did Experian remove the deceased notation from his file. In or around September 2022, Experian reinserted the inaccurate deceased notation into Plaintiff's credit file. In or around November 2022, Trans Union also reinserted the inaccurate deceased notation into Plaintiff's file.

As a result of Defendants' conduct, action, and inaction, Plaintiff suffered damage by loss of credit; loss of ability to purchase and benefit from his credit; detriment to his credit rating; the expenditure of time disputing and trying to correct the inaccurate credit reporting; sleepless nights; and emotional distress including the mental and emotional pain, anxiety, anguish, humiliation, and embarrassment of credit denials.

2. <u>Concise factual summary of Defendants' claims/defenses;</u>

<u>Defendant Trans Union:</u>

Defendant Trans Union, LLC ("Trans Union") is a consumer reporting agency as that term is defined by the Fair Credit Reporting Act ("FCRA"). Among other things, the FCRA is not a strict liability statute and does not require Trans Union to maintain error free credit reporting. At all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff. Trans Union

2

further properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, and damages Plaintiff may have sustained were not caused by Trans Union.

Defendant Experian:

Defendant Experian Information Solutions, Inc. ("Experian") denies Plaintiff's claim. Experian is a consumer reporting agency as that term is defined by the federal Fair Credit Reporting Act ("FCRA") and states that at all times relevant, Experian maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff, and that Experian complied with the requirements of the FCRA with respect to Plaintiff. Furthermore, Experian properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by Experian. In addition, a number of affirmative defenses, as outlined in Experian's Answer, may apply. In particular, that Plaintiff has failed to state a claim on which relief can be granted.

3. Statement of jurisdiction (including statutory citations);

This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allow claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

4. Summary of factual stipulations or agreements;

None.

5. Statement of whether jury trial has been timely demanded by any party;

Plaintiff requested a jury trial in his initial Complaint.

6. Statement of whether all process has been served, all pleadings filed, and any plan for any

party to amend pleadings or add additional parties to the action;

All Parties have been served. All pleadings have been filed. There is no plan for any party to amend pleadings or add additional parties. However, the Parties reserve the right to amend pleadings or add additional parties based on discovery.

7. If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured; and

Plaintiff is not aware of any such insurance carriers/indemnitors.

8. If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota, a statement of the parties' agreement to that effect.

The parties do not agree to an expedited trial.

## **DISCOVERY**

Pursuant to Fed. R. Civ. P. 26(f), the parties must prepare a discovery plan that is designed to maximize the efficiency of pretrial case preparation. The parties must review and address each of the matters set forth in Fed. R. Civ. P. 26(f)(3)(A)-(F) and design a discovery plan that is appropriate and proportionate to the case. The Court expects counsel and parties to cooperate in the development and implementation of the discovery plan.

The details of the discovery plan should be set forth in this Report. The following discovery schedule and limitations are intended to guide the parties and should be useful in the ordinary case; however, the parties are encouraged to reach agreement on, and suggest to the Court, a discovery plan that takes into account the unique circumstances of the individual case. To the extent the parties cannot reach agreement on any particular item, they should set forth their separate positions in this section so that they can be discussed at the Pretrial Conference.

**FACT DISCOVERY**

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures required by Rule 26(a)(1) on or before **April 28, 2023**.

2. Fact discovery procedures shall be commenced in time to be completed on or before **November 24, 2023**.

3. The parties **do not** believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others.  (If so, describe)

4. The parties propose that the Court limit the use and number of discovery procedures as follows:

   a) No more than a total of **25** interrogatories, counted in accordance with Rule 33(a), shall be served by party.

   b) No more than **50** document requests shall be served by each party. The parties understand that objections to document requests must meet the requirements of Rule 34(b)(2)(B).

   c) No more than **50** requests for admissions shall be served by each party.

5. No more than **two** Rule 35 Medical Examinations shall be taken and completed by **November 24, 2023**.

6. No more than **10** depositions, excluding expert witness depositions, shall be taken by each party.

7. Where appropriate, the parties are encouraged to discuss possible additional agreements concerning limitations on the number and/or length of depositions, procedures for

noticing and taking Rule 30(b)(6) depositions, the arrangements that may be needed for depositions taken outside the U.S. and/or in a language other than English, and other issues that, if addressed early, could make deposition discovery more cost-effective and avoid costly and time-consuming disputes.

The parties have reached the following additional agreements concerning the taking of depositions: **None**.

8. The parties have agreed upon the following additional limitations on discovery procedures: **None**.

9. Other discovery issues.

    a) Discovery of Electronically Stored Information. The parties have discussed issues about preservation, disclosure, production, or discovery of electronically stored information, as required by Fed. R Civ. P. 26(f), and request the Court to include the following agreement in the scheduling order:

The Parties' Discovery Statement:

The parties agree that the exchange of discovery requests and responses, including ESI, shall be in Word format or PDF, and served via email, a secure file transfer protocol, or by a removable disk/drive, rather than U.S. Mail.

The parties agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email addresses listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party,

6

that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| PARTY: | E-MAIL SERVICE ADDRESSES: |
|---|---|
| Plaintiff: Reginald Merchant | mczabaj@consumerattorneys.com jyancey@consumerattorneys.com |
| Defendant: Experian Information Solutions, Inc. | vstacey@jonesday.com Minneapolis_Secretarial_Team_1@jonesday.com |
| Defendant: Trans Union, LLC | cjohn@schuckitlaw.com whuse@schuckitlaw.com paralegals@schuckitlaw.com |

Discovery may encompass electronically stored information ("ESI"). The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable.  The parties have discussed the production of ESI and have not agreed on a specific limit of the scope of production.  Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the Court.

The parties will produce ESI in unitized, fixed image format (e.g., .pdf or .tif) with accompanying text. Plaintiff wishes to reserve the right to redact from her ESI individually identifiable medical or health related information, the production of which may be governed or limited by federal or state statute.  To the extent such medical or health-related information becomes relevant to the claims, defenses, or damages asserted in this matter, the parties agree to

7

work in good faith to accommodate the production and review of such information in a manner designed to provide the maximum amount of confidentiality and privacy to Plaintiff, while permitting Defendant to conduct such discovery as necessary for its defense.

The parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendant shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendant shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search.  If after a reasonable review of the production, Plaintiff or any Defendant determine, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist.  If the parties cannot reach an agreement, Plaintiff or any Defendant may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

The parties anticipate that there will be a need for some discovery in this case to be governed by a protective order.  The parties shall confer and then submit a jointly proposed protective order to the Court.  The jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c).  If the parties disagree concerning the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

The parties are not seeking documents or information protected by privilege or otherwise exempted from discovery under the Federal Rules of Civil Procedure or other laws.

The parties agree that following service of any interrogatory response or document production from which some or all information or documents are withheld on the basis of privilege, the parties will confer on the scope of the interrogatories and/or requests for production, the need to limit the scope of same, and any need for privilege logs.

> [**NOTE:** If it appears there will be significant electronic discovery, the parties shall jointly submit a proposed ESI Protocol, identifying any terms on which the parties disagree so they can be discussed in connection with the pretrial conference. The Court refers counsel to "Discussion of Electronic Discovery at Rule 26(f) Conferences: A Guide for Practitioners," developed by the Federal Practice Committee, to help attorneys and parties prepare for a meaningful discussion of electronic discovery issues early in the litigation. The Guide is available on the Court's website under the Court Forms tab, in the "Pretrial, Discovery, and Trial Forms" section. The parties are also reminded that the proposed ESI Protocol and a proposed order that includes the terms of the proposed ESI Protocol must be filed on CM/ECF and a Word version of the proposed order must be e- mailed to the chambers e-mail box.]

a) Claims of Privilege or Protection. The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502, and **do** request the Court to include the following agreement in the scheduling order or as part of a protective order:

The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. The parties agree that if a receiving party believes that privileged or

protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure.  The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection.  The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection.  Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute.  The parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d).  The parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

[If the parties do not agree to the foregoing language, and/or have reached other or additional agreements concerning the process for handling privileged or work product information that is produced in discovery and wish them to be incorporated into the Pretrial Scheduling Order, those agreements should be set forth here: _____.]

### **EXPERT DISCOVERY**

The parties anticipate that they **will** require expert witnesses at trial, and propose that the Court establish the following plan for expert discovery:

1. Plaintiff anticipates calling up to **2** experts.  Experian anticipates calling up to **2** experts. Trans Union anticipates calling up to **2** experts. Each party may take one deposition per expert.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared

10

and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

    a) Identities by Plaintiff on or before **January 19, 2023**. Disclosures by Plaintiff on or before **January 19, 2023**.

    b) Identities by Defendants on or before **January 19, 2023**. Disclosures by Defendants on or before **January 19, 2023**.

    c) Rebuttal identities and disclosures on or before **February 9, 2023**.

3. Expert discovery, including depositions, shall be completed by **March 22, 2024**.

(The parties should indicate whether, given the issues in the case, it would be more meaningful to identify the deadlines for the disclosing party by who bears the burden of proof on an issue rather than by plaintiff or defendant.)

### **NON-DISPOSITIVE MOTION DEADLINES**

    The parties propose the following deadlines for filing non-dispositive motions:

1. Except as provided in paragraph 4 below, all motions that seek to amend the pleadings or to add parties must be filed and served on or before **July 28, 2023**.

2. All motions that seek to amend the pleadings to include punitive damages, if applicable, must be filed and served on or before **July 28, 2023**.

3. Except as provided in paragraph 4 below, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before **December 8, 2023**. [**NOTE:** Absent unusual circumstances, this date should be no more than two weeks following the close of fact discovery.]

4. All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before **April 5, 2024**. [**NOTE:** Absent unusual

circumstances, this date should be no more than two weeks following the close of expert discovery.]

## **PROTECTIVE ORDER**

If either party believes a Protective Order is necessary, the parties shall jointly submit a proposed Protective Order, identifying any terms on which the parties disagree so they can be discussed in connection with the pretrial conference. [NOTE: The Court has recently revised its suggested protective order form and the parties are encouraged to consult that form in preparing a proposed protective order for entry by the Court (*http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order- Form.pdf* or *http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective- Order-Form.docx*).] No protective order may include language purporting to obligate the Court or the office of the Clerk of Court to destroy or return confidential documents to the parties after the conclusion of the case. The parties are also reminded that their Stipulation for Protective Order must be filed on CM/ECF and a Word version of the document must be e-mailed to the chambers e-mail box.

The absence of a protective order entered by the Court will not be a basis for withholding discovery or disclosures. If any document or information responsive to discovery served in this case is deemed confidential by the producing party and the parties are waiting for the Court to enter a protective order, the document shall be marked "Confidential" or with some other Confidential designation (such as "Confidential - Outside Attorneys Eyes Only") by the producing party and disclosure of the Confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s). After the Court enters a protective order, such documents and information shall be treated in accordance with the protective order.

## DISPOSITIVE MOTION DEADLINES

The parties **do** believe that expert discovery must be completed before dispositive motions are filed.  The parties recommend that all dispositive motions be filed and served (and heard, depending on District Judge assigned) on or before **April 26, 2024**.

## SETTLEMENT

1. The parties must conduct a meaningful discussion about possible settlement before the initial pretrial conference, including a written demand by the Plaintiff(s) and a written response by each Defendant.  The parties must also discuss whether private mediation or an early settlement conference with the Court (or another form of alternative dispute resolution) would be productive and, if so, when it should occur and what discovery, if any, would be necessary to conduct before such a conference.

   The results of that discussion, including any proposals or recommendations, are as follows: The Parties agree that an early settlement conference is not necessary at this time. The Parties agree that a settlement conference or private mediation may be beneficial after the close of fact discovery.

2. Each party will email to Magistrate Judge Wright's chambers, no later than **one (1) week before** the pretrial conference, a confidential letter of no more than three (3) pages, setting forth what settlement discussions have taken place, whether the party believes an early settlement conference would be productive, what discovery each party believes is necessary before an early settlement conference can take place and any additional, confidential information about the party's interest in settlement or possible settlement proposals as may be of assistance to Magistrate Judge Wright in planning or furthering early settlement efforts. [**NOTE:**  This confidential letter should not advance arguments

or positions on issues that may come before Magistrate Judge Wright for ruling.]

3.  The Court will discuss this topic with the parties at the pretrial conference and will set a date for an early settlement conference or for a status conference to determine when the case will be ready for a productive settlement conference.

## **TRIAL**

1.  Trial by Magistrate Judge:

    The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c). (If the parties agree, the consent form, signed by both parties, should be filed with the Clerk of Court.)  Please note that if the parties consent to magistrate judge jurisdiction, all proceedings, including trial by jury, if any, will be before the magistrate judge assigned to the case.

2.  The parties agree that this case will be ready for trial on **July 15, 2024**. The anticipated length of the **jury** trial is **5 to 7** days.

DATED:

*/s/ Jenna Dakroub*
Jenna Dakroub
Bar Number: 0401650
**Consumer Attorneys PLC**
8245 N. 85th Way
Scottsdale, AZ 85258
Phone: (602) 807-1525
Email: jdakroub@consumerattorneys.com

*Attorneys for Plaintiff*
Reginald Merchant

14

*/s/ Che'lee A. John*

Che'lee A. John, Esq. (IN #35024-06)
(admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400, Ext. 113
Fax:  (317) 363-2257
E-Mail:  cjohn@schuckitlaw.com

*Lead Counsel for Defendant TransUnion LLC*

*/s/Valerie A. Stacey*

Valerie A. Stacey, MN #0399416
Jones Day
90 South Seventh Street, Suite 4950
Minneapolis, MN 55402
Telephone:     (612) 217-8800
Facsimile:     (844) 345-3178
vstacey@jonesday.com

*Attorney for Defendant Experian Information Solutions, Inc.*