**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

REGINALD MERCHANT,                          Case No. 23-cv-314 (WMW/ECW)

Plaintiff,

v.                                          **PRETRIAL SCHEDULING ORDER**

EXPERIAN INFORMATION
SOLUTIONS, INC., TRANS UNION,
LLC, and THE AMERICAN EXPRESS
COMPANY

Defendants.

---

This case is before the Court on the Stipulation to Amend the Parties' Proposed

Schedule (Dkt. 32).  Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the

Local Rules of this Court, and in order to secure the just, speedy and inexpensive

determination of this action, the following schedule will govern these proceedings unless

modified pursuant to Local Rule 16.3 or sua sponte by the Court.

This Pretrial Scheduling Order has been prepared with the input of counsel for the

parties and the parties are required to diligently work to meet the deadlines.  This

includes, but is not limited to, promptly bringing disputes to the Court through its

procedures for resolving non-dispositive motions where the parties have not been able to

resolve those disputes through a diligent, good faith meet and confer process.  In other

words, simply because this schedule establishes a deadline for filing a particular non-

dispositive motion does not mean that a motion brought by that deadline will automatically be considered to have been timely filed if the relief sought by the motion is likely to impact the parties' ability to meet the other deadlines in this Order and if it appears that with the exercise of diligence, the motion could have been brought sooner.

The parties are expected to work cooperatively throughout this litigation to narrow the issues in dispute, to use reasonable, good faith and proportional efforts to preserve, request, identify and produce relevant information and resolve discovery disputes, and to keep the Court timely informed of developments in the case that could significantly affect the case management schedule.[1]

## FACT DISCOVERY

1. The parties must make their initial disclosures required by Rule 26(a)(1) on or before **April 28, 2023**.

2. Fact discovery procedures shall be commenced in time to be completed on or before **February 23, 2024.**

3. No more than **two** Rule 35 Medical Examinations shall be taken and completed by **February 23, 2024.**

## EXPERT DISCOVERY

The parties anticipate that they **will** require expert witnesses at trial, and propose that the Court establish the following plan for expert discovery:

1. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by

---

[1]    Parties who agree by stipulation to seek a modification of this Scheduling Order may file the stipulation with the proposed order to the Court without a motion and do not need to file a formal motion; however, the stipulation must meet the requirements of Local Rule 16.3(b)-(c).

the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

a) Identities and disclosures by Plaintiff on or before **March 22, 2024**.

b) Identities and disclosures by Defendants on or before **April 26, 2024**.

c) Rebuttal identities and disclosures on or before **May 24, 2024.**

2. Expert discovery, including depositions, shall be completed by **June 21, 2024.**

## NON-DISPOSITIVE MOTION DEADLINES

The Parties propose the following deadlines for filing non-dispositive motions:

1. Except as provided in paragraph 4 below, all motions that seek to amend the pleadings or to add parties must be filed and served on or before **December 8, 2023.**

2. All motions that seek to amend the pleadings to include punitive damages, if applicable, must be filed and served on or before **December 8, 2023.**

3. Except as provided in paragraph 4 below, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before **March 8, 2024**.

4. All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before **July 12, 2024**.

## DISPOSITIVE MOTION DEADLINES

Counsel for the moving party shall contact Ruby Mohelsky, Courtroom Deputy for District Judge Wilhelmina Wright, at (651)-848-1640, no later than **June 21, 2024** to schedule a hearing for a dispositive motion, if any. Counsel are reminded that at least two (2) to three (3) months advance notice is necessary to place a dispositive motion on the calendar. All dispositive motions and supporting papers (motion, notice of motion, memorandum of law, affidavits and exhibits and proposed order) shall be filed and served

3

in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1; however, unless otherwise directed by the Court, the moving party's motion papers shall not be filed until forty-two (42) days prior to the scheduled hearing date and any reply memorandum shall be filed at least fourteen (14) days prior to the scheduled hearing date.

Parties are expected to be familiar with and adhere to the Federal Rules, the Local Rules, and any supplementation of those rules outlined in Judge Wright's Practice Pointers and Preferences, available on the District of Minnesota website.

Notwithstanding the foregoing, no party shall bring a dispositive motion pursuant to Fed. R. Civ. P. 56 while formal discovery is ongoing without first obtaining permission from the undersigned magistrate judge.  Permission shall be sought by electronically filing via CM/ECF a letter of no more than three (3) pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time.  The other party or parties may file brief letters in support of or in response to the request.  Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

**DISCOVERY DISPUTES**

Before moving for an order relating to discovery, the movant must request an informal conference with the Court.  The purpose of this call is to explore narrowing the discovery dispute, confirm that informal dispute resolution is considered, and to discuss

4

the most efficient way to brief disputed issues.  Accordingly, before moving for an order relating to discovery, the movant must request an informal conference with the Court by submitting a **SHORT JOINT EMAIL** to chambers at Cowan_Wright_Chambers@mnd.uscourts.gov stating:

a)    the discovery dispute;

b)    whether all parties agree to informal dispute resolution; and

c)    any other information that would be helpful to the parties and the Court in resolving the dispute in a just, speedy, and inexpensive way.  No attachments are permitted.  The Court will then schedule a conference call.

The informal conference is required to ensure that the dispute is presented and resolved consistent with Fed. R. Civ. P. 1.  It does not mean that the parties all concede to informal dispute resolution.

**NON-DISPOSITIVE MOTIONS**

If a non-dispositive motion is filed, it must comply with the Electronic Case Filing Procedures for the District of Minnesota, Local Rules 7.1, and for discovery motions, also be in the form prescribed by Local Rule 37.1.

The "Meet and Confer" requirement must include attempts to meet and confer through personal contact, rather than solely through correspondence.

All non-dispositive motions must be scheduled for hearing by calling or emailing Magistrate Judge Wright's Courtroom Deputy/Judicial Assistant at 651-848-1890 or Cowan_Wright_Chambers@mnd.uscourts.gov prior to filing.  Even if the parties agree that a motion can be submitted on the papers without oral argument, the Courtroom

Deputy/Judicial Assistant must be contacted to set the date for submission of the matter to the Court. The matter will be deemed submitted upon receipt of the last filing. The Court will determine whether to hold a hearing.

Ideally, if the parties are not able to resolve their dispute following their meet and confer and motion practice is necessary, the parties would jointly contact the Court to obtain a hearing date that works for both sides.

Once the moving party has secured a hearing date, it must promptly serve and file the notice of hearing informing all parties of the nature of the motion and the date, time and location of the hearing. The moving party may serve and file the motion and remaining motion papers in accordance with the dates prescribed by Local Rule 7.1, unless a different briefing schedule is set. A party may not call chambers and secure a hearing date or "hold" a hearing date without that party promptly serving and filing a notice of hearing.

Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission.

Local Rule 37.1 governs the form of discovery motions. Counsel must adhere to the Rule; however, they should prepare their documents to offer a clear presentation of the discovery dispute in an efficient and effective way. The status of each dispute should be clear to the Court without having to cross-reference multiple exhibits. Your arguments should be precise. To the extent a burden is asserted, support for this position must be included. One suggested approach is set forth below.

| |
|---|
| Insert the actual discovery request |
| Insert the actual response and objections |
| Insert position after meet and confer to make clear any compromise positions offered by either side |
| Legal argument |
| Specific relief sought |

The Court will give the parties permission to exceed the word limits for their memorandum if the additional words will help avoid the need to cross-reference multiple exhibits in order to understand the:

- requests at issue;

- responses and basis for objections;

- parties' positions after their meet and confer sessions;

- legal arguments; and

- specific relief sought.

If a party seeks to exceed the limits, they must obtain permission by filing and serving a letter pursuant to Local Rule 7.1(f)(1)(D). The letter should reference this Scheduling Order.

**INFORMAL DISPUTE RESOLUTION**

Prior to initiating any non-dispositive motion, parties should consider whether the matter can be informally resolved without a formal non-dispositive motion. Typically, if the informal dispute resolution ("IDR") process is used, the matter is not briefed and

declarations and sworn affidavits are not filed.  Consequently, the matter is not appropriate for appeal to the District Judge or the Eighth Circuit.  Therefore, all parties must agree to use the IDR process.  If there is no agreement to resolve a dispute though IDR, then the dispute must be presented to the Court through formal motion practice.

If the parties agree to pursue the IDR process, the parties must jointly contact chambers to schedule a telephone conference.  The parties will then be allowed to each email to Cowan_Wright_Chambers@mnd.uscourts.gov a short letter setting forth the issue(s) to be resolved.  If not otherwise specified by the Court, the letter submissions shall be no more than three (3) pages in length and should be served and submitted at least two (2) business days before the telephone hearing.

If the parties wish to proceed with IDR in a manner other than that outlined above, they should notify chambers of their specific proposal when they jointly contact chambers to schedule the telephone hearing.

## PROTECTIVE ORDER

If one or more of the parties believes a protective order is necessary, the parties shall jointly file a proposed Protective Order, prominently identifying (yellow highlighting is suggested) any terms on which the parties disagree.  The parties are encouraged to consult the Court's suggested protective order form in preparing a proposed protective order for entry by the Court (*https://www.mnd.uscourts.gov/sites/mnd/files/forms/Stipulation-for-Protective-Order-Form.pdf* or *https://www.mnd.uscourts.gov/sites/mnd/files/Forms/Stipulation-for-Protective-Order-Form.docx*).  No protective order may include language purporting to

obligate the Court or the office of the Clerk of Court to destroy or return confidential documents to the parties after the conclusion of the case.  If the parties use the Court's suggested protective order form, the parties should consider whether they want to permit the retention of documents in addition to those submitted to the Court (for example, correspondence that quotes or describes a confidential document) and draft their proposed protective order to reflect that decision.  The parties are also reminded that their Stipulation for Protective Order must be filed on CM/ECF and a Word version of the document must be e-mailed to the chambers e-mail box at Cowan_Wright_Chambers@mnd.uscourts.gov.

The absence of a protective order entered by the Court will not be a basis for withholding discovery or disclosures.  If any document or information responsive to discovery served in this case is deemed confidential by the producing party and a protective order has not yet been entered, the document shall be marked "Confidential" or with some other Confidential designation (such as "Confidential - Outside Attorneys Eyes Only") by the producing party and disclosure of the Confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s).  After the Court enters a protective order, such documents and information shall be treated in accordance with the protective order.

**PRIVILEGE/PROTECTION**

The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material.  Pursuant to Fed. R. Evid. 502, the inadvertent

production of any documents in this proceeding shall not constitute a waiver of any

privilege or protection applicable to those documents in this or any other federal or state

proceeding.

## HANDLING OF SEALED DOCUMENTS FILED IN CONNECTION WITH ALL MOTIONS

Counsel must be familiar with Local Rule 5.6 on filing documents under seal in

civil cases, effective February 27, 2017, and any amendments to that Local Rule.  If a

joint motion regarding continued sealing is filed pursuant to LR 5.6, it must comply with

the Local Rule.  For example:

(A)    Joint Motion's Contents.  The joint motion must list by docket number each document filed under temporary seal in connection with the underlying motion and, for each such document:

(i)    briefly describe the document;

(ii)    explain why the parties agree that the document or information in the document should remain sealed or be unsealed or, if the parties disagree, briefly explain each party's position; and

(iii)    identify any nonparty who has designated the document or information in the document as confidential or proprietary.

(B)    Party to File Joint Motion.  Unless the parties agree or the magistrate judge orders otherwise, the party who filed the first document under temporary seal in connection with the underlying motion must file the joint motion.

The Advisory Comments to the Local Rule provide that the "joint motion must be

filed using the Joint Motion Regarding Continued Sealing Form, which is available on

the court's website."  The current form includes a list of example explanations in a

footnote.  The designation of material as confidential or protected by any party pursuant to a protective order during the course of discovery as the sole basis for filing the material under seal is not a sufficient explanation to justify continued sealing.

*See **https://www.mnd.uscourts.gov/sites/mnd/files/forms/Joint-Motion-Form.pdf***.

## SETTLEMENT CONFERENCE

The Court may sua sponte schedule status conferences or settlement conferences to explore options for alternative dispute resolution.  In addition, the Court will in its discretion consider joint or *ex parte* requests that the Court schedule a settlement conference or otherwise assist in settlement negotiations, provided that the content of any *ex parte* request shall be strictly limited to the topic of settlement and shall not comment on any matter that may come before the Court for a ruling.  Such requests shall be submitted by email to Cowan_Wright_Chambers@mnd.uscourts.gov.  The Court will treat *ex parte* requests as confidential unless otherwise advised.

## TRIAL

This case will be ready for a **jury** trial on or about **October 21, 2024**.  The anticipated length of trial is **5 to 7** days.

Dated: October 3, 2023

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

11